**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

CASSANDRA STAFFORD, on behalf of herself
and all others similarly situated,

       Plaintiff(s),
       v.

ATLANTA RESTAURANT PARTNERS, LLC,
d/b/a TGI FRIDAYS,

       Defendant.
_____/

**CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

    Plaintiff, CASSANDRA STAFFORD ("Stafford" or "Plaintiff"), on behalf of herself and

all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. §

448.440, and Art. X, Sec. 24 of the Florida Constitution, file this Class/Collective Action

Complaint for Damages and Demand for Jury Trial against Defendant, ATLANTA

RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS ("TGI Fridays" or "Defendant"), for its

failure to pay Servers and Bartenders state and federal minimum wages, as follows:

**INTRODUCTION**

    1.    Plaintiff brings this class and collective action Complaint under the Fair Labor

Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the

Florida Constitution on behalf of herself and all Servers and Bartenders who work or have worked

at the TGI Fridays restaurant located at 80 SW 84th Ave, Plantation, FL 33324 during the

applicable statute of limitations. Defendant committed federal and state minimum wage violations

because it (1) failed to provide Servers and Bartenders with statutorily required tip notice federal

and state minimum wage violations; (2) compensated Servers and Bartenders at the reduced wage for tipped employees notwithstanding that Servers and Bartenders are required to spend more than 20% of their workweek performing non-tipped duties and side work and (3) attempts to claim a tip credit during shifts when Servers and Bartenders are required to spend more than 30 continuous minutes on side work and non-tipped duties. As a result, Plaintiff and all similarly situated Servers and Bartenders have been denied federal and state minimum wages during various workweeks within the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and Bartenders who worked for Defendant within the last three (3) years at the TGI Fridays restaurant located at 80 SW 84th Ave, Plantation, FL 33324.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Servers and Bartenders who worked for Defendant within the last five (5) years at the TGI Fridays restaurant located at 80 SW 84th Ave, Plantation, FL 33324.

5.      Plaintiff worked for Defendant as a restaurant Server at the TGI Fridays located at 80 SW 84th Ave, Plantation, FL 33324 from in or around June 2021 until on or about April 5, 2023.

6.      The proposed class and collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped Servers and/or Bartenders for Defendant at the same TGI Fridays restaurant located at 80 SW 84th Ave, Plantation, FL 33324.

7.     Plaintiff seeks certification of three (3) separate collectives under 29 U.S.C. §

216(b) for violations of the FLSA as follows:

> **Tip Notice Collective**: All Servers and Bartenders who worked
> for Defendant during the three (3) years preceding this lawsuit
> who did not receive proper notice from Defendant that they
> would be taking a tip credit toward the required federal
> minimum wage.

> **80/20 Collective**: All Servers and Bartenders who worked for
> Defendant during the previous three (3) years who were
> required to spend more than 20% of any workweek performing
> non-tipped duties and side work and were paid a reduced tip
> credit wage.

> **Substantial Side Work Collective**: All Servers and Bartenders
> who worked for Defendant on or after December 28, 2021, who
> were required to spend more than thirty (30) continuous
> minutes on non-tipped duties and side work during any shift.

8.     Plaintiff seeks certification of three (3) separate classes under Fed. R. Civ. P. 23,

the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class**: All Servers and Bartenders who worked for
> Defendant during the five (5) years preceding this lawsuit, who
> were not provided the appropriate tip credit notice pursuant to
> Fla. Const. Art. X 24(c) and/or F.S. § 448.110.

> **80/20 Class**: All Servers and Bartenders who worked for
> Defendant during the five (5) years preceding this lawsuit who
> were required to spend more than 20% of any workweek
> performing non-tipped duties and side work and were paid a
> reduced tip credit wage.

> **Substantial Side Work Class**: All Servers and Bartenders who
> worked for Defendant on or after December 28, 2021, who were
> required to spend more than thirty (30) continuous minutes on
> non-tipped duties and side work during any shift.

9.     The precise size and identity of each class and collective should be ascertainable

from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff

estimates that the total number of class members in each class and collective exceeds 50 Servers and Bartenders.

10.     During all times material hereto, Defendant was a foreign limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

11.     During all times material hereto, Defendant owned, operated, and controlled the TGI Fridays restaurant located at 80 SW 84th Ave, Plantation, FL 33324.

12.     Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA during all times pertinent to the allegations herein.

13.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the TGI Fridays Restaurant located at 80 SW 84th Ave, Plantation, FL 33324.

14.     Defendant implements uniform pay, tip, and time-keeping practices at the TGI Fridays restaurant that apply to all Servers and Bartenders.

15.     Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Servers and Bartenders.

**JURISDICTION AND VENUE**

16.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant.

17.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

18.     The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

19.     Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

20.     Venue is also proper within Broward County, Florida.

21.     Plaintiff fulfilled all conditions precedent required to bring her class action claims under the FMWA.

22.     More specifically, on March 16, 2023, Plaintiff, through her counsel, served Defendant with a written pre-suit demand notice regarding her FMWA claims, requesting Defendant to pay her and the putative FMWA classes the minimum wages owed to them. Defendant refused to pay Plaintiff or the FMWA classes any wages whatsoever.

## FLSA COVERAGE

23.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24.     During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, chicken wings, mahi mahi, salmon, onions, peppers, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, buns, jalapenos, celery sticks, tuna, plum tomatoes, cauliflower, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum

cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, sugar, coffee, tea, soda, water bottles, and other goods and materials that had previously travelled through interstate commerce.

25.     Defendant had gross annual revenue in excess of $500,000.00 in 2018, 2019, 2020, 2021, 2022 and is expected to have gross annual revenue in excess of $500,000.00 in 2023.

**DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT**

26.     Defendant credits a portion of its servers' and bartenders' tips toward its minimum wage obligations, and, consequently, it compensates servers and bartenders at an hourly rate below the applicable federal and state minimum wage.

27.     Nevertheless, Defendant fails to provide its servers and bartenders the required and sufficient notice of the tip credit under federal and Florida law.

28.     During Plaintiff's employment period, Defendant did not: (1) provide the full statutorily required tip notice under federal and/or Florida law; (2) track the time that servers and bartenders spent performing side work and non-tipped duties.

29.     Plaintiff and the ***Tip Notice Collective*** members are entitled to recover at least the federal minimum wage for each hour spent performing work.

30.     Plaintiff and the ***Tip Notice Class*** members are entitled to recover at least the Florida minimum wage for each hour spent performing work.

**DEFENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS AND BARTENDERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK**

31.     Federal law prohibits employers from taking a tip credit when an employee performs tip supporting work (hereafter "side work") and non-tip generating duties for more than 20% of their workweek. Rafferty v. Denny's Inc., 13 F4th 1166, 1188 (11th Cir. 2021). In other

words, when restaurant Servers and Bartenders spend more than 20% of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[1] *Id.*

32.     Defendant claimed a tip credit for all of Plaintiff's work (except training), including during workweeks in which Plaintiff spent more than 20% of her time on non-tip producing duties and side work.

33.     Upon information and belief, Defendant compensated Servers and Bartenders at the reduced wage of $5.23 per hour for their first forty (40) hours of work per week in 2018.

34.     Upon information and belief, Defendant paid Servers and Bartenders the reduced cash wage of $5.44 per hour in 2019, $5.54 per hour in 2020, $5.63 per hour from January 1, 2021, through September 29, 2021, $6.98 per hour from September 30, 2021, through September 29, 2022, and $7.98 per hour from September 30, 2022 through the present.

35.     During their employment period with the Defendant, Plaintiff and members of the putative collectives and classes of Servers and Bartenders were assigned both "opening" shifts and "closing" shifts.

36.     Prior to opening the restaurant, for period of approximately 45 continuous minutes – Defendant claimed a tip credit for Plaintiff and all other Servers and Bartenders but required them to set up the restaurant, clean and prepare tables, organize their respective sections, prepare glassware, cut lemons and limes, restock items, refill containers, brew tea, refill condiments, refill napkins, open server stations, sweep floors, etc. During this set-up time, the restaurant was not open to the public and Servers and Bartenders could not earn tips.

---

[1] The maximum tip credit permissible under federal law is $5.12 cents and $3.02 cents under state law. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

37.     When working the "closing" shift, Plaintiff and all other similarly situated Servers and Bartenders are required to remain at the restaurant after the kitchen is closed and all customers have left for approximately 1 hour.

38.     During closing shifts, Defendant attempted to claim a tip credit for Plaintiff and every other Server and Bartender but required all Servers and Bartenders to perform side-work and non-tipped duties, including but not limited to, cleaning tables, sweeping, cleaning soda machines, changing ice, emptying cups, rolling silverware, sweeping, putting away glassware, etc.; while Servers and Bartenders were not able to earn tips because the restaurant was closed to the public.

39.     Throughout opening and closing shifts, Plaintiff and the putative class and collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

40.     At a minimum, Plaintiff and all other Servers and Bartenders spent more than 20% of their workweeks performing non-tipped duties and side work.

41.     Plaintiff and the *80/20 Collective* members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

42.     Similarly, Plaintiff and the *80/20 Class* members are entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

## DEFEENDANT REQUIRES SERVERS AND BARTENDERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

43. Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

44. Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

45. During all times material hereto, Defendant required all Servers and Bartenders to arrive at opening shifts approximately 45 minutes before the restaurant was open to the public.

46. Moreover, during all times material hereto, Defendant required Servers and Bartenders to perform side work and non-tipped duties for at least 1 continuous hour at the end of closing shifts, often when Servers and Bartenders did not have any customers and the restaurant was closed to the public.

47. Plaintiff and the ***Substantial Side Work Collective*** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

48. Plaintiff and the ***Substantial Side Work Class*** members are also entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

## RULE 23 CLASS ALLEGATIONS

49. Class members are treated equally and similarly at the TGI Fridays restaurant that is owned and operated by Defendant, in that they were never provided the required statutory tip notice under Florida law.

50. Class members are treated equally and similarly at the TGI Fridays restaurant that is owned and operated by Defendant, in that they were denied state minimum wages when they spent more than 20% of a workweek performing "non-tipped" duties and side work.

51.     Class members are treated equally and similarly at the TGI Fridays restaurant owned and operated by Defendant, in that they were denied state minimum wages during shifts when they were required to spend more than 30 continuous minutes on non-tipped duties and side work.

52.     Defendant employed at least fifty (50) Servers and Bartenders at its 80 SW 84th Ave, Plantation, FL 33324 restaurant who were paid a reduced tip credit wage and were required to spend more than 20% of their workweek performing non-tipped duties and side work during the past five (5) years.

53.     Defendant employed at least fifty (50) Servers and Bartenders at its 80 SW 84th Ave, Plantation, FL 33324 restaurant who were paid a reduced tip credit wage and were required to spend more than 30 continuous minutes per shift on non-tipped duties and side work during shifts on or after December 28, 2021, through the present.

54.     At all times material hereto, Defendant had express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Servers and Bartenders.

55.     Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

56.     Plaintiff and the class members performed the same or substantially similar job duties for Defendant at its 80 SW 84th Ave, Plantation, FL 33324 restaurant, as Servers and Bartenders, and were otherwise paid in an identical manner by Defendant.

57.     Defendant attempted to claim a $3.02 tip credit for all Servers and Bartenders during the previous five (5) years.

58.     Plaintiff and the class members performed the same or substantially similar side work for Defendant at its 80 SW 84th Ave, Plantation, FL 33324 restaurant, as Servers and Bartenders, and were otherwise paid in an identical manner by Defendant.

59.     During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

60.     Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

### COUNT I – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (TIP NOTICE CLASS)

61.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 60 as though set forth fully herein.

62.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage and failing to provide Plaintiff and putative class members the statutorily required tip notice during the previous five (5) years.

63.     Defendant also failed to inform Plaintiff, and all other Servers and Bartenders employed during the previous five (5) years, of the following: (1) Servers and Bartenders' cash wage was not permitted to be less than the applicable tipped hourly rate; (2) the additional amount received in tips by Servers and Bartenders was required to be equal to the difference between the hourly rate paid and the full minimum wage; (3) the provisions of Section 203(m) of the FLSA; or (4) all tips received by Servers and Bartenders must be retained by them.

64.     Defendant therefore forfeits any tip credit under Florida law and owes each Server and Bartender at least $3.02 for each hour of work they performed during the previous five (5) years.

65.     On March 16, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated Servers and Bartenders.

66.     More than 15 days have elapsed since Plaintiff served Defendant with her written pre-suit Notice and Defendant has failed to tender full payment to Plaintiff and the class.

67.     In 2018, the Florida Minimum Wage was $8.25 per hour.

68.     In 2019, the Florida Minimum Wage was $8.46 per hour.

69.     In 2020, the Florida Minimum Wage was $8.56 per hour.

70.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

71.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

72.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

73.     Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.

74.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages in accordance with the Florida Constitution: All Servers and Bartenders who worked for Defendant during the five (5) years preceding this

lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.

## RULE 23 CLASS ALLEGATIONS

75.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

76.     The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated Servers and Bartenders proper tip notice under Florida law.

77.     Numerosity: Defendant employed more than 50 Servers and Bartenders in the class during the past five (5) years who were not provided the required tip notice; however, Defendant claimed a tip credit for these employees. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

78.     Plaintiff and the class members were subject to the same employment policies.

79.     Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were "employees" of Defendant; (b) Whether Plaintiff and the Tip Credit Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) Whether Defendant provided Plaintiff and all other Servers and Bartenders with the requirements for a valid tip pool; (e)

Whether Defendant willfully or intentionally violated the Florida Minimum Wage Act; (f) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (g) The nature, extent, and measure of damages suffered by Plaintiff and the Tip Notice Class based upon Defendant's conduct.

80.     Typicality: Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendant's company-wide policy of paying all Servers and Bartenders a reduced wage without providing statutorily required notice of the tip credit.

81.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

82.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

83.     Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of

inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

84.     Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

85.     Plaintiff and the Tip Notice Class members performed the same job duties, as Servers and Bartenders, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

86.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

87.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds 50 Servers and Bartenders.

88.     This action is intended to include every Bartender who worked at Defendant's restaurant located at 80 SW 84th Ave, Plantation, FL 33324, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

89.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt Server and Bartender employees of Defendant.

90.     Plaintiff and the Tip Notice Class members performed work as Servers and Bartenders which was an integral part of Defendant's business.

91.     Defendant violated the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

92.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

93.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of its violations of the FMWA and Florida Constitution.

94.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

WHEREFORE, Plaintiff, CASSANDRA STAFFORD, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages; (d) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## <u>COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS</u>
### (TIP NOTICE COLLECTIVE)

95.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 60 as though set forth fully herein.

96.     Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

97.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other servers and bartenders with requisite notice of the tip credit required under federal law.

98.     Plaintiff and the putative collective of servers and bartenders are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

99.     Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

100.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

101.     Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

102.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Notice Collective:

> **Tip Notice Collective: All Servers and Bartenders who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

WHEREFORE, Plaintiff, CASSANDRA STAFFORD, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS, INC., and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

<u>**COUNT III – FED. R. CIV. P. 23 CLASS ACTION**</u>
<u>**FOR FLORIDA MINIMUM WAGE VIOLATIONS**</u>
**(80/20 CLASS)**

103.    Plaintiff hereby re-alleges and re-aver Paragraphs 1 through 60 as though set forth fully herein.

104.    Defendant attempted to claim a tip credit under Florida law for each hour of work performed by Plaintiff and all other Servers and Bartenders during the previous five (5) years (except for training periods).

105.    Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid Florida's full minimum wage during their employment with Defendant.

106.    Plaintiff and the proposed class members were subjected to similar violations of Florida law because Defendant attempted to claim a tip credit for all Servers and Bartenders and required them to spend more than 20% of their workweek performing non-tipped duties and side work.

107.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following class for Defendant's failure to pay constitutionally mandated state minimum wages:

> **All Servers and Bartenders who worked for Defendant during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

### RULE 23 CLASS ALLEGATIONS

108.    Plaintiff brings her FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (hereinafter referred to as the "80/20 Class").

109.    The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied Florida minimum wages based upon the Defendant requiring Plaintiff and similarly situated Servers and Bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

110.    *Numerosity:* Defendant employed at least 50 Servers and Bartenders at its restaurant located at 80 SW 84th Ave, Plantation, FL 33324 during the past five (5) years who were required to spend more than 20% of their workweek performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.

111.    Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

112.    Plaintiff and the 80/20 Class members were victims of the same employment policies, including Defendant's requirement that employees spend more than 20% of each workweek performing non-tipped duties and side work.

113.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the 80/20 Class members were "employees" of Defendant; (b) Whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by attempting to claim a tip credit when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) The nature, extent, and measure of damages suffered by Plaintiff and the 80/20 Class.

114.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class.  Plaintiff's claims arise from Defendant's company-wide policy of attempting to claim a tip credit for all Servers and Bartenders and requiring them spend more than 20% of their workweek on non-tipped duties and side work.

115.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class.  Plaintiff has no interest that might conflict with the interests of the 80/20 Class.  Plaintiff is determined to pursue her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

116.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of its violations of the FMWA and Florida Constitution.

117.    Defendant acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole.  Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

118.    The identity of the 80/20 Class is readily identifiable from Defendant's records.

119.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

120.    Plaintiff and the 80/20 Class members performed the same job duties, as restaurant Servers and Bartenders, were treated similarly by Defendant based on Defendant requiring restaurant Servers and Bartenders to spend more than 20% of their workweeks on non-tipped duties and side work without paying restaurant Servers and Bartenders at least the full applicable Florida minimum wage.

121.    Plaintiff and the 80/20 Class members were not paid proper Florida minimum wages when their non-tipped duties and side work exceeded 20% of any workweek within the statute of limitations.

122.     This action is intended to include each and every restaurant Server and Bartender who worked for Defendant at its restaurant located at 80 SW 84th Ave, Plantation, FL 33324 during the previous five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

123.     During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt, tipped employees of Defendant.

124.     Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative class members at least Florida's minimum wage for all hours worked.

125.     In 2018, the Florida minimum wage was $8.25 per hour.

126.     In 2019, the Florida minimum wage was $8.46 per hour.

127.     In 2020, the Florida minimum wage was $8.56 per hour.

128.     From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

129.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

130.     From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

131.     During all times material hereto, Plaintiff and one or more of the 80/20 Class members complained about the illegal practices above; however, Defendant took no action to rectify any of its violations.

132.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand before this claim was filed.

133.     More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff or the putative 80/20 Class for the minimum wages owed.

134.     Even if every member of the 80/20 Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

135.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

136.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, CASSANDRA STAFFORD, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IV - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 COLLECTIVE)

137.     Plaintiff hereby re-aver Paragraphs 1 through 60 as though set forth fully herein.

138.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

139.     Defendant attempted to claim a tip credit for each hour of work for Plaintiff and all other Servers and Bartenders during all times material hereto (except during training periods).

140.     However, Defendant commonly required Servers and Bartenders to spend a substantial portion of their workweek performing side work and non-tipped duties.

141.     Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant attempting to claim a tip credit and requiring all Servers and Bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

142.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for herself and the following similarly situated 80/20 Collective:

> **All Servers and Bartenders who worked for Defendant during the previous three (3) years who were required to spend more than 20% of any workweek performing non-tipped duties and side work and were paid a reduced tip credit wage.**

143.     Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

144.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

145.     Defendant's willful and/or intentional violations of entitle Plaintiff and the putative

collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, CASSANDRA STAFFORD respectfully requests that this

Honorable Court enter judgment in her favor and against Defendant, ATLANTA RESTAURANT

PARTNERS, LLC, d/b/a TGI FRIDAYS, and award Plaintiff, and all others similarly situated: (a)

unliquidated federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal

amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted

under the FLSA; and any and all such further relief as the Court deems just and reasonable under

the circumstances.

### COUNT V – FED. R. CIV. P. 23 CLASS ACTION
### FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK CLASS)

146.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 60 as though set forth

fully herein.

147.     Defendant attempted to claim a tip credit for each hour of work performed by

Plaintiff and all other Servers and Bartenders during all times material hereto (except for training

periods).

148.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to

be paid full Florida minimum wage for each hour worked during their employment with

Defendant.

149.     Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for

herself and the following Substantial Side Work Class because of Defendant's failure to pay

constitutionally mandated state minimum wages:

> **All Servers and Bartenders who worked for Defendant on or
> after December 28, 2021, who were required to spend more than**

**thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

150.     Pursuant to state and federal law, any side work consisting of more than thirty (30) continuous minutes is considered "substantial" side work and is not considered to be part of the tipped occupation.

151.     Although side work consisting of more than thirty (30) continuous minutes must be paid at the full state minimum wage, Defendant repeatedly required Servers and Bartenders to perform more than thirty (30) continuous minutes of side work and impermissibly claimed a tip credit for all work performed after training periods.

152.     Defendant refused to compensate Plaintiff and all other Servers and Bartenders the full Florida minimum wage, including during shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

153.     Defendant required Plaintiff and all other Servers and Bartenders to arrive to opening shifts approximately 45 minutes before Defendant's restaurant opened to the public. During this time, Defendant unlawfully claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other Servers and Bartenders less than the applicable state minimum wage.

154.     In addition, Defendant required Plaintiff all other Servers and Bartenders to spend approximately 1 continuous hour during each closing shift on side work and non-tipped duties, including when the restaurant's kitchen was closed and when tipped employees could not earn tips. During this time, Defendant unlawfully claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other Servers and Bartenders less than the applicable state minimum wage.

155.     Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendant

26

is not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations since this became unlawful on December 28, 2021.

**RULE 23 CLASS ALLEGATIONS**

156.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant Servers and Bartenders who worked for Defendant at its restaurant at 80 SW 84th Ave, Plantation, FL 33324 since December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

157.     The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon the Defendant's class-wide requirement for Servers and Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work during each shift.

158.     *Numerosity:* Defendant employed at least 50 restaurant Servers and Bartenders at its restaurant at 80 SW 84th Ave, Plantation, FL 33324 since December 28, 2021 who were not paid Florida minimum wages as a result Defendant's requirement that these employees spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

159.     Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

160.     Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendant's requirement for these employees to spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

161.     *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual

member of the Substantial Side Work Class, including Plaintiff.  Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) Whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) Whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring Servers and Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties on side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

162.   *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class.  Plaintiff's claims arise from the Defendant's company-wide requirement for Servers and Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work each shift.

163.   *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class.  Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class.  Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

164.   Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

165.    Defendant has acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole.  Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

166.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

167.    Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant Servers and Bartenders, and were scheduled to work and were paid in an identical manner by Defendant.  Defendant requires all Servers and Bartenders to spend substantial continuous time on non-tipped duties and side work during each shift, including approximately 45 continuous minutes of side work during opening shifts and 1 continuous hour of side work during closing shifts when Defendant's restaurant is not open to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

168.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff

estimates that the total number of putative Substantial Side Work Class members exceeds 50 restaurant Servers and Bartenders.

169.    From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

170.    From September 30, 2022, through the present, the Florida Minimum Wage is/was $11.00 per hour.

171.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand letter before this claim was filed.

172.    More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff or the putative Substantial Side Work Class their Florida minimum wages.

173.    Defendant was aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

174.    Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

175.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

WHEREFORE, Plaintiff, CASSANDRA STAFFORD, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ATLANTA RESTAURANT

PARTNERS, LLC, d/b/a TGI FRIDAYS, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VI – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

176.     Plaintiffs re-alleges and re-avers Paragraphs 1 through 60 as though fully set forth herein.

177.     Defendant attempted to claim a tip credit under federal law for each hour of work performed by Plaintiff and all other Servers and Bartenders after their training periods.

178.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

179.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Substantial Side Work Collective:

**All Servers and Bartenders who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

180.     Defendant violated the FLSA because it required Servers and Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work during workweeks when Defendant claimed a tip credit for all hours worked.

181.     Defendant required Plaintiff and all other Servers and Bartenders to spend substantial continuous  time working on tip supporting work, side work and non-tipped duties and

unlawfully claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

182.    Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

183.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

184.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, CASSANDRA STAFFORD respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, CASSANDRA STAFFORD, on behalf of herself and each collective and class demands a trial by jury on all appropriate claims.

**Date: June 2, 2023**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005
*Jordan@jordanrichardspllc.com*
*michael@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 2, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST