UNITED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 23-CV-61053-SMITH

CASSANDRA STAFFORD, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

v.

ATLANTA RESTAURANT PARTNERS, LLC,
d/b/a TGI FRIDAYS,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS hereby moves this Court pursuant to Fed.R.Civ.P.12(b)(6) to dismiss the alleged Class Action Complaint by Plaintiff Cassandra Stafford for the reason that it fails to state a claim upon which relief may be granted, as stated more particularly below.

**MEMORANDUM OF LAW**

    **I.    BACKGROUND**

    On June 2, 2023, Plaintiff, who is a former employee of Defendant, filed the Complaint against Defendant on behalf of herself "and all others similarly situated" pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.110, and Art. X, Sec. 24 of the Florida Constitution.[1]  Plaintiff purports to state

---

[1] Article X, Section 24(c) of the Florida Constitution provides for a Florida minimum wage, and states, "For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit…".  Fla. Stat. § 448.110 is the "exclusive remedy under state law for violations of s. 24. Art. X of the State Constitution. *Fla. Stat. § 448.110(10).*

a claim for violations of federal and Florida law in six counts based on the contention that Defendant failed in several ways to qualify for use of a "tip credit" towards required federal and state minimum wage.  Counts I, III, and V allege that Defendant violated Fla. Stat. § 448.440 ("FMWA") by failing to provide proper notice regarding tip payment practices, by paying a tip credit wage to workers who allegedly spent more than 20% of their workweek performing non-tipped duties, and by paying a tip credit wage to workers who allegedly spent more than 30 continuous minutes on non-tipped duties.  Counts II, IV, and VI allege that Defendant violated 29 U.S.C. § 216(b) ("FLSA") by failing to provide proper notice regarding tip payment practices, by paying a tip credit wage to workers who allegedly spent more than 20% of their workweek performing non-tipped duties, and by paying a tip credit wage to workers who allegedly spent more than 30 continuous minutes on non-tipped duties.

## II.   LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the

plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### A.  Plaintiff Has Failed to Allege a Plausible Claim of Regarding "Insufficient" Tip Credit Notice

Regarding her notice claim, Plaintiff alleges in a conclusory fashion that "Defendant fails to provide its servers and bartenders the required and sufficient notice of the tip credit under federal and Florida law." Whatever deficiencies Plaintiff believes exists regarding the notice provided by Defendant, these deficiencies are not specified or identified in any fashion in the Complaint. This is insufficient under *Twombly* and *Iqbal*. If Plaintiff contends the notices provided by Defendant to its tipped employees is "insufficient" or less than is "required" Plaintiff must allege more than these conclusory statements set forth in her Complaint. She must allege ultimate facts regarding the alleged deficiencies.[2]

---

[2] Underscoring the need for clarity in Plaintiff's allegations is the fact that she submitted a Declaration [DE 9-1] that she never received notice of the tip credit, yet the Complaint paradoxically

"Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate 'enough facts to state a claim to relief that is plausible on its face.'" *Thanas v. Royal Caribbean Cruises Ltd*., Civil Action No. 19-21392-Civ-Scola, 2020 U.S. Dist. LEXIS 5844 (S.D. Fla. Jan. 14, 2020), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Other than the conclusory assertion that the Defendant's notice is insufficient for unstated reasons, the Plaintiff fails to allege any facts to support her allegations. *See*, *Gharfeh v. Carnival Corp*., 309 F. Supp. 3d 1317, 1332-33 (S.D. Fla. 2019) (Goodman, Mag. J.) cited in *Thanas v. Royal Caribbean, supra* ("fact-free, wholly conclusory boilerplate allegations" that the Defendant should have known of certain deficiencies was insufficient to survive a motion to dismiss). The Plaintiff has not asserted any *facts* indicating that the Defendant's tip credit notice was deficient, and the conclusory statements in the Complaint regarding the notice are legally insufficient.

**B.  Plaintiff Who Seeks to Represent a Class has Failed to Allege Personal Injury as Required to State a Claim**

As the Supreme Court has explained in *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996):

> That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show *that they personally have been injured,* not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

*Id*. (emphasis added) (internal quotations and citation omitted).

Accordingly, "a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, even if the persons described in the class definition would have standing themselves to sue." *Griffin v. Dugger*, 823 F.2d 1476, 1483

---

alleges that the tip notice was insufficient.

4

(11th Cir. 1987) (internal quotations and citation omitted). To the contrary, each claim raised in a class action complaint "must be analyzed separately, and a claim cannot be asserted on behalf of a class *unless at least one named plaintiff has suffered the injury that gives rise to that claim.*" *Id.* (emphasis added). *See also Carter v. West Publ'g Co.,* 225 F.3d 1258, 1262 (11th Cir. 2000) ("'In addition to the requirements expressly enumerated in Rule 23, class actions are also subject to the more general rules such as those governing standing . . . . [A] plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class.'") (quoting *Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 135 (3d Cir. 2000)).

As this Court stated in *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202, 1229 (S.D. Fla. 2015), "A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone — not for himself, and not for any other member of the class. *Id.,* citing to *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987). "It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Wilson v. Everbank*, *supra*, citing to *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000).

Since *Iqbal*, several other circuit courts which have considered this issue in wage/hour overtime claim cases have consistently required a plaintiff to plead facts demonstrating that the employee more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek. *Cooley v. HMR of Ala., Inc.*, 259 F. Supp. 3d 1312, 1319 (N.D. Ala. 2017). In order to plausibly state a claim for failure to pay overtime under the FLSA, the Plaintiffs must provide sufficient

factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for those overtime hours. *Id.*, *See also Stafflinger v. RTD Constructions,* Inc., No. 615CV1564ORL40TBS, 2015 U.S. Dist. LEXIS 173739, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015) (Smith, M.J.), *report and recommendation adopted*, No. 615CV1564ORL40TBS, 2016 U.S. Dist. LEXIS 521, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016) (following *Lundy* instead of *Labbe*)

The same is true for Plaintiff's tipped employee minimum wage claims. "In order for the putative class action complaint to survive this motion to dismiss, the allegations of at least one named plaintiff must state a claim for relief.". *Henley v. Turner Broad. Sys.,* 267 F. Supp. 3d 1341, 1357 (N.D. Ga. 2017) (internal citations omitted).  "When a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 560 (9th Cir. 2010).

"[W]hen the named plaintiff lacks a cause of action, the Court should dismiss the action before proceeding to class certification."  *Sheet Metal Workers 441 Health & Welfare Plan v. GlaxoSmithKline*, 263 F.R.D. 205, 210 (E.D. Pa. 2009); s*ee also Burks v. Arvest Bank*, No. 4:06-cv-00551, 2006 U.S. Dist. LEXIS 89178, 2006 WL 3512478, at *2 (E.D. Ark. Dec. 6, 2006) ("Since the Court has dismissed the sole named Plaintiff's individual claims, the Court must dismiss the class allegations as well and no notice of this involuntary dismissal need be given to any alleged unnamed class members.").   "[T]o be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim." *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1169 (3d Cir.1987).

Thus, Plaintiff has failed to allege facts showing that she received a legally insufficient tip credit notice.  Moreover, Plaintiff has failed to allege specific facts showing that she spent more than 20% of the workweek or more than 30 continuous minutes performing non-tipped duties or side-work worked the

6

opening shift and she reported to work at least 45 minutes before the restaurant opened as required and she performed non-tipped work for which she was paid less than minimum wage. Accordingly, Plaintiff's pleading is deficient, and she has failed to allege a personal injury to support a claim as purported class representative.

### III.   ARGUMENT IN SUPPORT OF DISMISSAL OF PLAINTIFF'S CLAIMS

Plaintiff, Stafford, has failed to allege facts pertaining to her own employment with Defendant. Indeed, Plaintiff does not include *any* allegations whatsoever regarding her own work schedule or duties. [D.E. 1] The only specific allegations about Plaintiff pertain to her claim that she provided the requisite pre-suit demand notice regarding her FMWA claims. All other allegations in the Complaint are alleged in a conclusory fashion for Plaintiff or collectively for Plaintiff and the proposed class members. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

For example, the Complaint states in Paragraph 32 that "Defendant claimed a tip credit for all of Plaintiff's work (except training), including during workweeks in which Plaintiff spent more than 20% of her time on non-tip producing duties and side work." [D.E. 1] However, nowhere in the Complaint does Plaintiff identify even one such workweek, nor does she provide any specific facts to support this conclusory statement. This is insufficient.

Throughout the remainder of the Complaint, the claims are alleged collectively for Plaintiff and the other Bartenders and Servers. The claims are alleged for "Plaintiff and members of the putative collectives and classes of Servers and Bartenders," (¶35) "Plaintiff and all other Servers and Bartenders," (¶36) "Plaintiff and all other similarly situated Servers and Bartenders," (¶37) or similar collective statements. The Complaint alleges that Plaintiff and the proposed class or collective members were required to spend more than 20% of their workweek performing non-tipped duties and side work (¶106

and ¶141) and that Plaintiff and all other similarly situated employees or all other Servers and Bartenders were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during workweeks when Defendant claimed a tip credit for all hours worked." (¶155 and ¶180). Wholly absent from the Complaint is any detail regarding any given day or any given workweek of Plaintiff when she purportedly worked more than 30 continuous minutes or spent more than 20% of her workweek performing not-tipped duties/side work. Thus, the Complaint is legally insufficient. *See, e.g. Landers v. Quality Communs., Inc*., 771 F.3d 638, 646 (9th Cir. 2015)[3]

Plaintiff alleges that Defendant required all Servers and Bartenders to arrive at opening shifts approximately 45 minutes before the restaurant was open to the public (¶36), but there are no allegations regarding how or when this purported edict was communicated, and Plaintiff does not allege *even one* factual instance when she was subject to this alleged requirement. Plaintiff does not allege anywhere in the Complaint that *she* ever opened the restaurant during the relevant time period or that when she was assigned to the opening shift, she reported to work 45 minutes prior to opening as required, performing non-tipped duties/side work for more than 30 continuous minutes, and that she was not paid minimum wage for this time. Plaintiff cannot serve as a class representative on a claim unless she herself has a cause of action on that claim. *See, Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1169, *supra*.

The claims in the Complaint regarding the closing shift are confusing and appear to be contradictory, but again, there are no allegations specific to Plaintiff. In one instance, the Complaint states that "Plaintiff and all other similarly situated Servers and Bartenders are required to remain at the restaurant after the kitchen is closed and all customers have left for approximately 1 hour." (¶37). A few paragraphs later, Plaintiff alleges that "Defendant required Servers and Bartenders to perform side work

---

[3] "Notably absent from the allegations in Landers's complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.*

8

and non-tipped duties for at least 1 continuous hour at the end of closing shifts, often when Servers and Bartenders did not have any customers and the restaurant was closed to the public." (¶46) No specific factual instances are provided in support of either claim, and there are no allegations concerning Plaintiff specifically. These allegations are general in nature and concern Plaintiff and all putative members of the class globally. Plaintiff does not allege anywhere in the Complaint that *she* closed the restaurant during the relevant time period and that she remained approximately 1 hour after the restaurant closed and all the customers had left performing non-tipped duties/side work as required, and that she was not paid the full minimum wage for this time.

"Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id*. See also, *Alonso v. Ocean CC, LLC*, 2015 U.S. Dist. LEXIS 45244, *4 (S.D. Fla. 2015 Apr. 6, 2015) ("Without more than a formulaic recitation of the elements of the cause of action, the Court cannot allow Count I for FLSA overtime to proceed. Accordingly, this claim is dismissed without prejudice."); *In Frebes v. Mask Restaurants, LLC*, No. 13-CV-3473, 2013 U.S. Dist. LEXIS 133068, 2013 WL 5290051, at *3 (N.D. Ill. Sept. 28, 2013) (District court found Plaintiffs allegations that servers at a restaurant were forced to share tips with food runners insufficient to state a claim. The *Frebes* complaint lacked any facts to show how a tip-pooling arrangement operated and lacked facts to support that food runners should not have been included in a tip pool.)

## IV.   CONCLUSION

In sum, to establish constitutional standing, Plaintiff must demonstrate that (1) she suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. *Kennedy v. Grova*, 2012 U.S. Dist. LEXIS 5952, *9-10

9

(Fla. S.D. 2012). Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *Iqbal* and *Twombly* were meant to eliminate the potential high costs of discovery associated with implausible claims. *See, Peters v. Credit Prot. Ass'n LP*, 2015 U.S. Dist. LEXIS 31820 (Ohio S.D. 2015). A key rationale for the heightened pleading standard is concern over the high cost of discovery associated with boilerplate claims. *See Twombly*, 550 U.S. at 558-59 (discussing the potential for high discovery costs to force undeserved settlements).

Before Defendant is required to respond to Plaintiff's multi-count Complaint consisting of 184 paragraphs, Plaintiff is required to provide facts and specific allegations regarding her claims and alleged injury. Plaintiff has failed to meet the pleading standards and therefore, the Complaint in its entirety should be dismissed.

Respectfully submitted,

By:/s/ Denise J. Bleau
**DENISE J. BLEAU, ESQ.**
Fla. Bar No. 599514
dbleau@taylorenglish.com
**GAIL GOLMAN HOLTZMAN, ESQ.**
Fla. Bar No. 562068
gholtzman@taylorenglish.com
**TAYLOR ENGLISH DUMA LLP**
*Counsel for Defendant*
5550 West Executive Drive
Suite 240 Box 10
Tampa, Florida 33609
Tel: (689) 348-5596

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing motion was filed through CM/ECF this 1st day of August 2023 and served on parties listed below via CM/ECF and/or via U.S. Mail and/or e-mail.

10

By:/s/ Denise J. Bleau
**DENISE J. BLEAU, ESQ.**
Fla. Bar No. 599514

**SERVICE LIST**

USA EMPLOYMENT LAWYERS
JORDAN RICHARDS, PLLC
Jordan Richards, Esquire
jordan@jordanrichardspllc.com
Michael V. Miller, Esquire
michael@usaemploymentlawyers.com
Counsel for Plaintiff
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Fl 33316
Tel: (954) 871-0050