UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 23-cv-61053-Reid
[Consent Case]

CASSANDRA STAFFORD, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

v.

ATLANTA RESTAURANT PARTNERS, LLC

    Defendant.
_____/

# [PROPOSED] FINAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff, CASSANDRA STAFFORD's, Agreed Motion for Final Approval of Class and Collective Action Settlement (the "Motion") and Plaintiff's Unopposed Motion and Memorandum of Law for Attorneys' Fees, due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Stipulation of Class and Collective Action Settlement ("Settlement Agreement") between Plaintiff, CASSANDRA STAFFORD ("Plaintiff") for herself individually and on behalf of the Settlement Class and Collective, and Defendant, ATLANTA RESTAURANT PARTNERS, LLC ("Defendant"). Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2. The Court preliminarily approved the Settlement Agreement by the Amended Preliminary Approval Order dated April 26, 2024. At that time, the Court preliminarily certified a class of the following individuals, pursuant to Fed. R. Civ. P. 23:

> All Servers ("WW") and Bartenders ("Bartender" and "CktlSrvr")
> who worked for TGI Friday's restaurant located at 80 SW 84th Ave.
> in Plantation, Florida, between June 1, 2018, to October 17, 2023.

and who did not submit a valid request for exclusion from the Settlement Class.

In addition, the Court preliminary certified a collective of the same individuals pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act. Those Settlement Class Members who completed an Approved Claim Form, are considered thereby to also have opted-in to the collective action pursuant to the FLSA.

Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.

Pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. §216(b) of the Fair Labor Standards Act, the Court finally certifies, for settlement purposes only, the Settlement Class and Collective.

3. The Court has read and considered the papers filed in support of this Motion for entry of the Final Approval Order, including the Settlement Agreement and Exhibits thereto and supporting declarations.

4. The Court held a Final Approval Hearing on August 6, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

5. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is a fair, adequate, and reasonable resolution of a *bona fide* wage dispute, was entered into in good faith, and is in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class and collective action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, including attending a mediation with an experienced third-party neutral, further support this finding.

6. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. Further the additional individual consideration to Plaintiffs, Cassandra Stafford, Vincent Caggiano, and Beau Dickenson, constitute fair value given in exchange for the General Release by Plaintiffs, Stafford, Caggiano, and Dickenson, against the Released Parties. The Court finds that the consideration to be paid to Settlement Class members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

7. No individual made a timely and valid request for exclusion

8. For settlement purposes only, Plaintiffs, CASSANDRA STAFFORD, BEAU DICKENSON, and VINCENT CAGGIANO are appointed as Class Representatives.

9. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

Jordan Richards
Jordan Richards PLLC d/b/a USA Employment Lawyers
1800 SE 10th Ave., Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
jordan@jordanrichardspllc.com

10. With respect to the Settlement Class, the Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

11. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Class, opt-in to the FLSA claim in the Action, and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Fed. R. Civ. P. 23, 29 U.S.C. §216(b), applicable law, and the Due Process Clauses of the U.S. Constitution and Florida Constitution.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

13. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

14. Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged any and all Released Claims against the Released Parties, or any of them.

15. Upon the Effective Date, Plaintiffs Cassandra Stafford, Vincent Caggiano, and Beau Dickenson, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged any and all claims set forth in in the General Release in the Settlement Agreement relating to the Released parties, or any of them.

16. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. Similarly, the release of the claims set forth in the General Release will be binding on and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs, and his respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties. Similarly, Plaintiffs/Class Representatives, Cassandra Stafford, Vincent Caggiano, Beau Dickenson, are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the claimed released in the General Release or any of the claims described in the Settlement Agreement against any of the Released Parties.

18. All settlement related funds that go unclaimed or uncashed shall revert back to the Defendant as set forth in the Parties' Settlement Agreement.

19. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $57,000.00 which constitutes fees and reimbursable costs and expenses. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically

and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

20. The Court approves the individual consideration payable to Cassandra Stafford, in the amount of $17,500.00 (Seventeen-Thousand Five Hundred Dollars), individual consideration payable to Vincent Caggiano, in the amount of $17,500.00 (Seventeen-Thousand Five Hundred Dollars), and the individual consideration payable to Beau Dickenson in the amount of $17,500.00 (Seventeen-Thousand Five Hundred Dollars), in the exchange for signing a general release, each, and releasing any and all claims against Defendant. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims by the Settlement Class Members or Plaintiff, Stafford, more generally, as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Arbitrator, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

22. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Court is hereby directed forthwith to enter this Final Approval Order.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

24. Nothing herein shall serve as evidence in any proceeding or dispute to signify or support that the Defendant is liable or responsible for any of the allegations in this proceeding, all of which the Defendant denies.

25. Without affecting the finality of this final approval order for purposes of appeal, the court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the settlement agreement and the final approval order, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: _____

Hon. Lisette Reid
United States Magistrate Judge